UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RASHON KING,<br><br>                    Plaintiff,<br>     v.<br>JAMES G. COX, *et al.*,<br><br>                    Defendant. | Case No. 3:16-cv-00177-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"). (ECF No. 60.) In the R&R, Judge Cobb addresses two pending motions for summary judgment—one by Defendants generally (ECF No. 21)[1] and the other by Defendant Jones (ECF No. 46). Plaintiff responded to each motion (ECF Nos. 27, 34 (supplement)[2], 49) and Defendants replied (ECF Nos. 29, 45, 52). Judge Cobb recommends granting summary judgment in favor of Defendant Luce, but denying summary judgment as to the remaining four defendants.[3] (ECF No. 60 at 10–14.) The Court has reviewed Defendants' objection (ECF No. 61) and Plaintiff's response (ECF No.

///

---

[1] This motion is purported as having been filed by Defendants Romeo Aranas, Paul Bitar, Gloria Carpenter, Dawn Jones, and Georgia Luce. However, as the R&R notes, the motion sets forth no substantive argument regarding Jones. (ECF No. 60 at 1.)

[2] Judge Cobb utilized the court's discretion to allow the supplement pursuant to Local Rule 7-2. (ECF No. 60 at 1 n.1.)

[3] The Court previously dismissed Cox and other defendants from the lawsuit with prejudice.

64). For the reasons discussed below, the Court agrees with Judge Cobb, and will accept and adopt the R&R in its entirety.

**II.  BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") proceeding pro se with this action, pursuant to 42 U.S.C. § 1983. (ECF No. 7.) On screening, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim related to his dental care (ECF No. 11.)

Plaintiff's 4th Amended Complaint ("Complaint") chronicles a period from October 2014[4] through June 2016, wherein he sought for Defendants to address and treat his dental issues. (ECF No. 7 at 4–5.) During this period, Plaintiff persistently complained of missing, painful, swollen, teeth that were breaking and chipping and caused his gums to be raw and bleeding. (*See* ECF No. 60 at 6–9 (providing these uncontested facts); *see* ECF No. 21-6.) He reported that he was having difficulty eating, and on multiple occasions requested a dental examination, partial dentures, and to be placed on a soft-food diet. (*Id.*)

A dentist was first provided to Plaintiff on January 6, 2015. (ECF No. 7 at 7.) Plaintiff states that the dentist reported that Plaintiff "had two really bad teeth"—one which was half missing and cracked all the way through, and another with a hole in it, causing the sensitivity in Plaintiff's mouth. (*Id.*)  The dentist addressed the first tooth, but the other remained (ECF No. 21-1 at 15; ECF N. 21-6 at 9; ECF No. 27 at 52) and Plaintiff's conditions and requests continued (ECF No. 21-6 at 9–13, 18–19; ECF No. 27 at 52–64, 83). Plaintiff was ultimately sent to another facility for a dental care "treat and return." (ECF No. 7 at 6–7; ECF No. 21-6 at 14–15; ECF No. 27 at 83.) At that facility, Plaintiff received a medical diet order dated September 23, 2015, for a soft diet due to "inadequate posterior teeth for proper chewing" signed by Defendant Bitar. (ECF No. 27 at 81; ECF No. 7 at 7.) Plaintiff states that Bitar informed him that Bitar could not treat the tooth or issue partials

///

---

[4]While the Complaint chronicles events that begin in October 2014, the record documents that Plaintiff made requests for dental care in May and August 2014. (ECF No. 21-4 at 2; ECF No. 21-6 at 2; ECF No. 27 at 42, 66.)

2

because he was only temporarily at the facility and treatment would be over several procedures. (ECF No. 7 at 7.) Finally, Plaintiff made a request to his home facility on June 13, 2016, wherein he states he had been submitting kite requests for over a year seeking dental treatment and partials, but had not been seen. (ECF No. 21-6 at 17.)

Plaintiff filed informal, first level, and second level grievances, which were responded to by Defendants Jones, Carpenter, and Aranas, respectively. (ECF No. 7 at 5; ECF No. 21-1 at 1, 24, 32.)

Further background regarding Plaintiff's allegations is included in the R&R, which the Court adopts.

## III. LEGAL STANDARDS

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *id.* at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Defendants' objection, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Judge Cobb's R&R. Upon reviewing the R&R, the underlying briefs, and records in this case, this Court finds good cause to adopt the R&R in full.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show

that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. DISCUSSION**

As Judge Cobb notes in the R&R, Defendants—including Defendant Jones—solely argue that they are entitled to summary judgment because they did not personally participate in the alleged constitutional violation, and, that they therefore are entitled to qualified immunity; and even if they did personally participate, they were not on notice that such action could constitute personal participation. (ECF No. 60 at 3.) The objection to the R&R essentially reasserts the argument upon which Defendants' motions for summary judgment is premised. (*See* ECF No. 61.) In doing so, Defendants particularly argue that their discrete job duties do not authorize them to take steps to avert Plaintiff's alleged injury. (*See id.* at 7–14 (noting Aranas is the medical director for the NDOC, and that Carpenter and Jones are registered nurses).)

Judge Cobb recommends granting summary judgment as to Defendant Luce, finding there is no evidence that Luce participated in an alleged Eighth Amendment violation related to Plaintiff's dental care because she neither treated Plaintiff, nor made any determinations regarding Plaintiff's dental treatment. (ECF No. 60 at 3.) Nor did she respond to Plaintiff's grievances, requests or kites. (*Id.*) The Court agrees and adopts this recommendation.

Judge Cobb additionally recommends that this Court deny the four remaining Defendants' request for summary judgment, finding they are not entitled to summary judgment on the argued basis because Plaintiff put these Defendants on notice that he was suffering pain due to lack of dental treatment, and the Defendants failed to act. (ECF No. 60 at 10–14.)

| | |
|---|---|
| 1 | First, Judge Cobb considered that Defendants Aranas and Carpenter's only |
| 2 | involvement regarding the alleged constitutional violation was responding to Plaintiff's first |
| 3 | (Carpenter) and second (Aranas) level grievances, but found such participation was |
| 4 | sufficient for subjecting Aranas and Carpenter to liability under the Eighth Amendment. |
| 5 | (*Id.* at 10–11; *see also* ECF No. 61.) *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th |
| 6 | Cir. 2014) (declining to uphold summary judgment after concluding that a NDOC medical |
| 7 | director who had only denied a second-level grievance personally contributed to the |
| 8 | decision to refuse the plaintiff medical treatment); *Snow v. McDaniel*, 681 F.3d 978, 989 |
| 9 | (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th |
| 10 | Cir. 2014) (denying summary judgment to a warden and associate warden because in |
| 11 | addition to reviewing a "no-kneel" order, they were aware of grievances regarding |
| 12 | inappropriate medical treatment and the denial of recommended hip surgery "and failed to |
| 13 | act to prevent further harm" to the plaintiff). Judge Cobb also rejected Defendants' |
| 14 | argument that they lacked notice that a grievance responder could be subject to liability |
| 15 | because the pertinent Ninth Circuit cases were decided in 2012 and 2014, and Plaintiff |
| 16 | initiated his grievance in this case in 2015. (*Id.* at 12.) |
| 17 | Defendants object to Judge Cobb's recommendation and associated legal findings |
| 18 | (ECF No. 61), purporting that certain legal authority supports their argument that |
| 19 | responding to grievances is insufficient to meet the requirement of personal participation |
| 20 | to result in liability under the Eighth Amendment (*id.* at 7). |
| 21 | The Court agrees with Judge Cobb's findings. The Court finds that authority |
| 22 | Defendants cite in their objection on the grievance issue are either not directly on point or |
| 23 | not fatal to the R&R's findings. (*See* ECF No. 61 at 2.) Defendants' other authority are |
| 24 | eclipsed and superseded by Ninth Circuit authority. (*See id.* at 7.) Additionally, the fact |
| 25 | that inmates have no constitutional right to prior grievance procedures[5] does not foreclose |
| 26 | the probability that Defendants violated the Eighth Amendment by, as Plaintiff contends, |
| 27 | /// |
| 28 | |

---

[5]*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898.

failing to provide adequate and timely relief for what is a serious medical problem. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (noting that a claim for deliberate indifference involves the "examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need"); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (citations and quotation marks omitted) ("Dental care is one of the most important medical needs of an inmate. Accordingly, the [E]ighth [A]mendment requires that prisoners be provided with a system of ready access to adequate dental care.").

Next, Defendant Jones admits that she responded to at least four of Plaintiffs dental care requests, between March 2015 and May 2015, with the statement "[u]nfortunately we do not have a dentist available at this time. You will be placed on the scheduled [sic] to be seen when we have a dentist available." (ECF No. 61 at 11.) Notably, Jones also reviewed and responded to Plaintiff's informal level grievance. This Court agrees with Judge Cobb that there is sufficient evidence establishing Jones' personal participation. (ECF No. 60 at 14.) Defendants do not otherwise foreclose the likelihood that Jones may be liable for the alleged constitutional violation.

Finally, Defendants' objection sets forth no substantive argument with respects to Defendant Bitar. Bitar submitted a motion for enlargement of time to file a separate substantive objection. (ECF No. 62.) The Court granted Bitar's request (ECF No. 63), but he failed to provide his objection. In any event, the Court agrees with Judge Cobb that Plaintiff has "at least raised a genuine dispute of material fact" regarding Bitar's participation in Plaintiff's care, whether he provided care to Plaintiff, and whether he was deliberately indifferent to Plaintiff's serious medical needs. (ECF No. 60 at 13.)

Based on the foregoing, the Court adopts the R&R in full, because genuine issues of material fact exist as to whether the remaining four Defendants were deliberately indifferent to Plaintiff's dental care needs. The Court is not swayed by Defendants' attempt to obtain summary judgment based on their discrete job duties.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions and objection before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 60) is adopted and accepted in full.

It is further ordered that Defendants' motions for summary judgment (ECF Nos. 21, 46) are denied.

DATED THIS 20th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE